UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BILAL SAHIN,
Individually and on Behalf of All Others Similarly Situated

                                            Plaintiffs,

v.

GARDEN OF EDEN ENTERPRISES, INC.

                                            Defendant.

Case No.: 1:17-cv-5609

**CLASS ACTION COMPLAINT**

Plaintiff Bilal Sahin ("Plaintiff" or "Sahin") by and through his attorneys, Hymowitz Law Group PLLC, brings this action individually and on behalf of class of persons defined below against Garden of Eden Enterprises, Inc. ("Garden of Eden" or "Defendant"), and alleges the following with knowledge as to his own acts, and upon information and belief as to all other acts:

## NATURE OF THE ACTION

1. This suit seeks to remedy the illegal labor practices of Defendant Garden of Eden, a network of full service grocery stores with six locations in New York and New Jersey doing business for over 20 years. Plaintiff and the Class are hard-working various employees of Defendant Garden of Eden.

2. Sahin brings this action for violations of Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of New York Labor Law ("NYLL") by Defendant Garden of Eden concerning the failure to compensate Plaintiff for all hours worked.

3. Sahin also brings this actions for Defendant's violations of the NYLL concerning Defendant's illegal withholding of a tax from Sahin's and other Class members' wages. This tax is imposed on employers and cannot be passed on to employees.

## PARTIES

4. Sahin is an individual and at all times relevant to this action he resided in Brooklyn, New

York.

5. On information and belief, Garden of Eden is a New York corporation with the registered address of 161 W 23rd Street, Apt. 2, New York, New York 10011. Garden of Eden operates at least three locations in New York, NY, and, upon information and belief, has an administrative office in New Jersey at 720 Anderson Ave., 2nd Floor, Cliffside Park, NJ 07010. Sahin, in particular, worked at the Defendant's store located at 2780 Broadway, New York, NY 10025 (the "Store").

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) because this action has an FLSA claim. This Court also has supplemental jurisdiction over the New York State law claims under 28 U.S.C. §1367(a) because such claims are so related to this action within such original jurisdiction that they form part of the same case or controversy.

7. This Court has personal jurisdiction over Defendant Garden of Eden because it is a NY corporation doing business in New York, NY.

8. Venue is proper in this district under 28 USC § 1391(b) because, on information and belief, Defendant Garden of Eden is a resident of the Southern District of New York, and a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District.

## FACTUAL ALLEGATIONS

9. At all times relevant to this action, Defendant Garden of Eden owned and operated a network of grocery stores.

10. At all times relevant to this action, Defendant Garden of Eden was subject to NYS Hospitality Wage Order (12 NYCRR 146) because Defendant Garden of Eden is a restaurant within the meaning of 12 NYCRR 146.3-1 because it prepares and offers food to public by

catering and counter service.

11. On information and belief, in each calendar year after 2009, Defendant Garden of Eden had a gross revenue exceeding $500,000.

12. On information and belief, in each calendar year after 2009, Defendant Garden of Eden had multiple employees selling goods that have been moved in or produced for interstate commerce. Furthermore, Defendant's employees, at all relevant times, were charging credit cards of customers, thereby using instrumentalities of interstate commerce.

13. Through supervisors and managers, at all times relevant to this action, Defendant Garden of Eden had the power to hire and fire employees, controlled employees' work schedules and conditions of employment, determined the rate and method of payment, and maintained employees' records.

14. Sahin was Defendant Garden of Eden's employee from 2004 until April 2017. Defendant Garden of Eden hired him and had the power to fire him. Defendant Garden of Eden controlled his work schedule. Defendant Garden of Eden controlled the rate and method of his wage payments.

15. Defendant Garden of Eden maintained Sahin's employment records, such as pay stubs, and his clock-in and clock-out records.

16. At all times relevant to this action, Sahin worked the Store.

17. Sahin regularly worked 6 days per week, approximately 10 hours per day from approximately 9:00 pm to approximately 7:00 a.m.

18. During his shifts, Sahin was always inside the Store, generally watching and securing the Store, including fruits and vegetables displayed outside the Store, and accepting overnight deliveries during the off hours.

19. Even if Sahin took brief rest breaks, he was never fully relieved of his work duties and had to interrupt his rest if, for example, a delivery truck would arrive.

20. Defendant Garden of Eden failed to pay Sahin for all hours worked. Specifically, during every work day, Defendant Garden of Eden deducted 30 minutes from Sahin's working time, for a break that Sahin never took. For example, if Sahin clocked in at 9:00 p.m. and clocked out at 7:00 a.m., Garden of Eden would pay him for only 9.5 hours, instead of 10 hours.

21. Because the number of Sahin's work hours per week regularly exceeded 40, the failure to compensate him fully, as set forth above, regularly resulted in the failure to compensate his uncompensated time at the overtime rate of 1½ times his regular rate.

22. At least twice Sahin complained about Garden of Eden's practice of underpaying for 30 minutes per shift, but the practice did not stop.

23. Moreover, Defendant Garden of Eden improperly deducted from Plaintiff and the Class what appears to be Metropolitan Commuter Transportation Mobility Tax, a deduction with abbreviation "Mcttax" on Sahin's pay stubs.

24. Defendant Garden of Eden's failure to pay Sahin's his full compensation and improperly deducting the employer's tax that cannot be passed to employees was willful.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings his claims under the New York Labor Law (Count III) pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a Class of Garden of Eden current and former employees preliminarily defined as follows.

> All persons who were employed by Garden of Eden at any time within six years prior to the date of the filing of this action and thereafter (the "Class").

26. Excluded from the Class are Defendant, Defendant' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class

period has had, a controlling interest in Garden of Eden; and the Judge(s) to whom this case is assigned, their judicial staffs, and any member of the Judges' immediate family.

27. The N.Y. Labor Law claim brought by Plaintiff may properly be maintained as a class action against Defendant pursuant to the provisions of Federal Rule of Civil Procedure 23.

28. The size of the Class is estimated to be 100 individuals. The persons in the Class are so numerous that the joinder of all such persons is impracticable.

29. Plaintiff is a member of the Class. His claims are typical of the claims of the Class and do not conflict with the interests of any other members of the Class. All members of the Class have been subject to and affected by the same or similar conduct.

30. Plaintiff will fairly and adequately protect the interests of all Class members because it is in his best interest to vigorously prosecute the claims alleged herein and to obtain full compensation due to him for the illegal conduct of which he complains. Plaintiff has retained competent and experienced class action attorneys to represent his interests and those of the Class.

31. Questions of law and fact are common to the Class and predominate over any questions affecting only individual members, and a class action will generate common answers to the questions below, which are apt to drive the resolution of this action:

   a. Whether Defendant Garden of Eden improperly deducted a tax from Class that cannot be passed to employees in violation of N.Y. Labor Law § 193;

   b. Whether, and to what extent, equitable relief should be imposed on Defendant Garden of Eden to prevent it from continuing its unlawful labor practices; and

   c. The extent of class-wide injury and the measure of damages for those injuries.

32. A class action is superior to all other available methods for resolving this controversy because i) the prosecution of separate actions by Class members will create a risk of

adjudications with respect to individual Class members that will, as a practical matter, be dispositive of the interests of the other Class members not parties to this action, or substantially impair or impede their ability to protect their interests; ii) the prosecution of separate actions by Class members will create a risk of inconsistent or varying adjudications with respect to individual Class members, which will establish incompatible standards for Defendant Garden of Eden's conduct; iii) Defendant Garden of Eden has acted or refused to act on grounds generally applicable to all Class members; and iv) questions of law and fact common to the Class predominate over any questions affecting only individual Class members.

65. Accordingly, this action satisfies the requirements set forth under Fed. R. Civ. P. 23(a) and 23(b).

## COUNT I
### (Overtime Violations under the FLSA)

33. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

34. At all relevant times, Defendant Garden of Eden was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203 (e), (r), and (s).

35. At all relevant times, Plaintiff was employed by the Defendant Garden of Eden enterprise within the meaning of 29 U.S.C. §§ 203 (e), (r), and (s).

36. At all relevant times, Plaintiff was an employee of the Defendant Garden of Eden enterprise within the meaning of 29 U.S.C. § 203 (e).

37. The overtime wage provisions set forth in FLSA, 29 U.S.C. §§ 201 et seq. apply to Defendant Garden of Eden and protect Plaintiff.

38. The FLSA 29 U.S.C. §§ 206 and 207 mandate that in calculating overtime the employer must utilize the employee's regular rate of pay.

39.     Defendant Garden of Eden knowingly failed to pay overtime pay at the rate of one and one-half times the regular rate for all hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

40.     Defendant Garden of Eden's unlawful conduct has been willful and intentional. Defendant Garden of Eden was aware or should have been aware that its practice with respect to the compensation of Plaintiff was unlawful.

41.     Because of Defendant Garden of Eden's willful violation of the FLSA, a three-year statute of limitation applies to such violations pursuant to 29 U.S.C. § 255, and Sahin is entitled to recover from Defendant unpaid overtime compensation and an equal amount in the form of liquidated damages.

42.     Defendant Garden of Eden has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

43.     As a result of Defendant Garden of Eden's unlawful acts, Plaintiff has been deprived of overtime compensation in the amount to be determined at trial, and is entitled to recovery of such amount as well as liquidated damages, reasonable attorneys' fees and costs of the action, including pre-judgment interest and other compensation pursuant to the FLSA.

### COUNT II
### (Overtime Violations under the NYLL)

44.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

45.     The overtime wage provisions of Article 19 of the N.Y. Labor Law and its supporting regulations apply to Defendant Garden of Eden and protect Plaintiff.

46.     Defendant Garden of Eden knowingly, willfully, and intentionally failed to pay overtime pay at the rate of one and one-half times the regular rate for hours worked in excess of forty (40)

hours per week in violation of NYLL § 652, and supporting regulation 12 NYCRR §146-1.4.

47. Because of Defendant Garden of Eden's violation of NYLL and supporting regulations that were not in good faith, Sahin is entitled to recover from Defendant his unpaid overtime wages earned during six years prior to the commencement of this action, costs, all reasonable attorney's fees, prejudgment interest and, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due, pursuant to N.Y. Labor Law § 663, all in the amount to be determined at trial.

### COUNT III
### (Improper Deductions under NYLL)

48. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

49. NYLL § 193 applies to Defendant Garden of Eden and protects Plaintiff and the Class.

50. NYLL § 193 lists permissible deductions from employees' wages, forbidding all other deductions.

51. In violation of NYLL § 193, Defendant Garden of Eden knowingly, willfully, and intentionally withheld from Plaintiff and the Class employer's tax that cannot be passed to employees.

52. NY TAX §§ 800 *et seq*. govern the imposition of the Metropolitan Commuter Transportation Mobility Tax on employers in New York City, and in particular, NY TAX § 801 (a)(1)(C) applies to Defendant Garden of Eden, based on the pertinent amounts withheld. Furthermore, NY TAX § 802 provides that "[a]n employer cannot deduct from the wages or compensation of an employee any amount that represents all or any portion of the tax imposed on the employer under this article."

53. Therefore, by deducting the amounts attributable to the Metropolitan Commuter

Transportation Mobility Tax from the wages of its employees, Defendant Garden of Eden violated NY TAX § 802 and NYLL § 193.

54. Because of Defendant Garden of Eden's violations of NYLL that were not in good faith, as well as NY TAX § 802, Plaintiff and the Class are entitled to recover from Defendant Garden of Eden the improperly withheld deductions, costs, all reasonable attorney's fees, prejudgment interest and, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due, pursuant to N.Y. Labor Law § 198 and NY TAX § 802, all in the amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sahin respectfully requests that the Court enter judgment against Defendant awarding his:

A.  Compensatory damages under the FLSA;

B.  Liquidated damages under the FLSA;

C.  Certification of this case as a class action pursuant to Rule 23;

D.  Designation of Plaintiff as the Representative of the Class and counsel of record as Class Counsel;

E.  Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6 §§ 190 *et seq*.;

F.  Compensatory damages under NYLL;

G.  Liquidated damages under NYLL;

H.  Issuance of an injunction requiring Defendant Garden of Eden to pay all statutorily required wages pursuant to the N.Y. Labor Law and an order enjoining Defendant Garden of Eden from continuing its unlawful policies and practices as described herein with respect to the Class;

I.      Reasonable attorney's fees, costs, and expenses;

J.      Prejudgment and post-judgment interest; and

K.      Any other relief the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Fed. R. Civ. Pro., Plaintiff Sahin requests trial by jury in this action of all issues so triable.

Dated:  Brooklyn, New York                    Respectfully submitted,
         July 24, 2017

By:  /s/ Daniel Hymowitz
      Daniel Hymowitz
      HYMOWITZ LAW GROUP, PLLC
      1629 Sheepshead Bay Road
      Brooklyn, NY 11235
      Tel: (718) 807-9900
      daniel@hymowitzlaw.com
      *Attorneys for Plaintiff Bilal Sahin*